23 F.3d 399
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Nick D. BAGLEY, Plaintiff-Appellant,
v.
Richard A. LANHAM, Sr.; Sewallb. Smith, Warden; Joseph
Wilson, Assistant Warden; V.Presbury, Sergeant,
Defendants-Appellees.
 No. 94-6025.
 United States Court of Appeals,
Fourth Circuit.
 Submitted April 21, 1994.
Decided May 23, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson E. Legg, District Judge. (CA-93-4001-L).
 Nick D. Bagley, appellant Pro Se.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, MICHAEL, Circuit Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Nick D. Bagley, an inmate presently incarcerated at the Maryland Correctional Adjustment Center, seeks to appeal the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. Specifically, Bagley claimed a deprivation of due process when Defendants confiscated his AM/FM cassette radio and cassettes pursuant to Division of Correction and prison property regulations without affording him a pre-deprivation hearing. Bagley also claimed that his Eighth Amendment rights were violated when he was deprived of the radio. Bagley contended that he was originally permitted to possess the radio, but that due to recent changes in prison procedures and regulations, the radio became disallowed property.
 
 
 2
 We affirm the district court's order denying relief. While a predeprivation hearing is generally required when inmate property is taken, Zinermon v. Burch, 494 U.S. 113, 127 (1990), the radio became contraband, by Bagley's own admission, when the prison regulations were changed. Prison officials are authorized to summarily seize contraband. Md. Ann.Code art. 27, Sec. 678A (1992); See Bryant v. Muth, 994 F.2d 1082, 1084, 1087 (4th Cir.), cert. denied, 62 U.S.L.W. 3376 (U.S.1993). Accordingly, Bagley has no constitutionally protected property interest in the radio. Bagley's claimed violation of the Eighth Amendment must likewise fail. Bagley has not demonstrated wanton conduct by Defendants in confiscating the contraband radio and cassettes. See Wilson v. Seiter, 501 U.S. 294 (1991); Whitley v. Albers, 475 U.S. 312, 320 (1986).
 
 
 3
 We deny Bagley's request for an injunction or temporary restraining order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.